LUTHER SCAMMON, Appellant, *v.* MILROY A. McKEY, Appellee.

### APPEAL FROM BUREAU.

An affidavit of merits unaccompanied by a plea, is not sufficient to obviate the effect of a rule of court, it is the plea, which answers the declaration; and without that, a default may be entered in accordance with the rule of court.

Courts have the power to adopt and alter rules, for pleading, and granting defaults.

A party who files his plea in apt time, has the right to do so under the statute, without an affidavit of merits.

THIS was an action of assumpsit commenced by the appellee against the appellant, in Bureau County Circuit Court. Summons issued in December, A. D. 1858, and returnable at the January term, 1859.

A declaration was filed in proper time.

The cause was called on the third day of said term, and the defendant was called and defaulted, and judgment rendered against him for the sum of one hundred and ninety-six dollars, seventy-five cents.

The defendant appeared by counsel and excepted to the ruling of the court in defaulting defendant, and rendering judgment against him, and asked for and obtained an appeal to the Supreme Court, which is allowed; upon the following state of case as presented by the bill of exceptions:

That on the fifth day of January, 1859, being the third day of said term of court, this cause was then set for trial on the eighteenth day of said term, upon the docket of said court, and the said court, prior to said term, had adopted a certain rule of practice in said court, which rule of practice was, on the said fifth day of January, 1859, in full force in said court, which rule of practice is in the words and figures following, to wit:

In all docketed suits brought upon notes, bills of exchange, single bills and accounts to which no attorney's name shall be entered for defendant, by the seventeenth day of March, and in all suits of the same nature, that shall hereafter be instituted in or appealed to this court, judgment shall be entered for the plaintiff or plaintiffs upon the first calling of the docket, unless the defendant or defendants, his or their attorney, shall give satisfactory evidence to the court by affidavit that he or they have a meritorious defense to the whole or a part of the plaintiff's claim.

The said defendant under the said rule filed his affidavit in the above cause, on the first day of said term, setting up or purporting to set up a partial defense to the note sued on in the above suit, which affidavit is in the words and figures following, to wit:

Luther Scammon, being duly sworn, on his oath says, that he has a good and meritorious defense to a part of the suit instituted against this affiant, by Milroy A. McKey in the Circuit Court of said county, to the amount of about fifty dollars.

Which affidavit was there, to wit, on the said fifth day of January, on file among the papers in said case. The said cause was then and there called by said court for the purpose of defaulting the said defendant, and the defendant then and there appeared by his counsel and objected to the default being taken against said defendant, grounding his objections upon the said affidavit, and the said court then and there adjudged the said affidavit to be insufficient and ordered the said defendant to be called and defaulted, and ordered judgment to be rendered against the said defendant for the sum of one hundred and

ninety-six and 75-100 dollars damages, with costs of this suit, to all of which rulings of the court in ruling and adjudging the said affidavit insufficient and ordering the defendant to be called and defaulted, and entering judgment against defendant for said damages and costs, the said defendant by his counsel then and there duly excepted, and on the same day, immediately after the rendition of the said judgment, the said court ordered, that upon the filing of a new and sufficient affidavit of merits by the defendant during said term, that said judgment by default against said defendant be set aside, and that he then and there have leave to plead, (there being no plea on file at the time said default was taken,) but the defendant then and there refused to file any other affidavit than the one above set forth, and then and there moved the said court for leave until the ninth day of said term to plead in said cause, (there being a rule of practice in said court then and there in full force, allowing to defendants time until the ninth day of said term in which to file their pleas, demurrers and answers, if there is a sufficient affidavit of merits on file at the first calling of the cause,) which motion for leave to defendant until said rule day, was then and there overruled by the court, and to which ruling of the court, overruling said motion, the defendant by his counsel then and there duly excepted, and from all of which rulings of the court, the defendant, by his counsel, prayed an appeal, which was granted.

The appellant brings the cause to this court and assigns the following errors:

1. The court erred in ordering a default at the first calling of the docket, when there was an appearance entered for the defendant, at that time.

2. The court erred in refusing the defendant until the general rule day to plead.

3. The court erred in requiring the defendant to file an affidavit of merits.

4. The court erred in adjudging the affidavit of merits, filed by the defendant, insufficient.

W. H. L. WALLACE, and ECKELS & KYLE, for Appellant.

PETERS & FARWELL, for Appellee.

CATON, C. J. The Circuit Court may give time to plead upon condition that the party file an affidavit of merits. So far as parties desired to take advantage of the rule allowing them nine days to plead, the other rule requiring an affidavit of merits, was adopted in the exercise of an undoubted power possessed by the court. Where a party files his plea at the commence-

ment of the term or before he is called or the expiration of a rule for a plea, the statute gives him the right to do so without an affidavit of merits. His plea is then filed without the indulgence of the court, and as he asks no favors he cannot be subjected to conditions. In this case there was no plea on file when the default was taken. There was nothing on file for the defendant but what was designed for such an affidavit as the rule required. It was not, however, a compliance with the rule. But had it been the best affidavit which skill and ingenuity could draw and recklessness swear to, it could not prevent a default without a plea. It is the plea and not the affidavit of merits which answers the declaration and prevents a default. As there was no plea here the default was regular and the judgment must be affirmed.

*Judgment affirmed.*